IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN J. LEONDI, | )<br>) |
| Petitioner, | ) Civil Action No 20-236J<br>) Magistrate Judge Maureen P. Kelly |
| v. | )<br>) Re: ECF No. 3 |
| V. MOSER, WARDEN, | )<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION

Kevin J. Leondi ("Petitioner") was, at the time of the filing of this action, a federal prisoner housed at the Federal Correctional Institution at Loretto ("FCI-Loretto") in Cresson, Pennsylvania. On November 24, 2020, Petitioner submitted a "Petitioner [sic] under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody" (the "Petition"), which was formally filed on December 16, 2020. ECF No. 3. Also submitted with the Petition was a self-styled "Motion for Order Pursuant to 28 U.S.C. Section 2241 Requiring Bureau of Prisons to Apply Time Credits Earned under the First Step Act and to Issue a Declaratory Judgment as to how the BOP Must Apply Time Credits Under CARES Act," ECF No. 4, which, based on its content, this Court construed as a brief in support of the Petition.

The relief sought by Petitioner was the application of 240 days of Earned Time Credits to his sentence, to which he alleged that he was entitled under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5208 (2018). Id. at 3. Petitioner also sought a declaration – essentially, an explanation – of how the application of Earned Time Credit would affect his eligibility for home confinement as an elderly offender. Id. at 4-5. See also 34 U.S.C. § 60541(g)(5).

1

On February 22, 2021, this Court amended the caption to remove two individuals who were improperly named as respondents under our local rules. ECF No. 6 (citing LCvR 2241(B)(1)). The Petition was served on the remaining, proper Respondent. ECF No. 7.

Respondent responded in opposition to the Petition on June 15, 2021. ECF No. 16. In her Response, Respondent submitted evidence that the earliest projected release date of Petitioner, with good conduct credit, was September 7, 2023. ECF No. 16-2 at 4. Respondent argued in her Response that Petitioner should not be granted relief because he failed to exhaust his administrative remedies, and because the Bureau of Prisons was not required to apply any Earned Time Credit toward pre-release custody until January 15, 2022. ECF No. 16 at 2-3. Respondent also argued that this Court lacked jurisdiction to release Petitioner to home confinement as an elderly offender, id. at 11, that Petitioner was not eligible for any such release, id. at 12, and that Petitioner's request for a declaration was improper in a federal habeas action under Section 2241, id. at 7 n.2.

Petitioner failed to file a Traverse, despite being provided a period of time in which to do so. ECF No. 17.

Full consent of the parties to the jurisdiction of a United States Magistrate Judge was achieved on December 30, 2021. ECF Nos. 12 and 19.

A review of the Bureau of Prisons' Inmate Locator website indicates that Petitioner no longer is held by the Bureau of Prisons. https://www.bop.gov/inmateloc/ (last visited February 22, 2024)). According to this website, Petitioner was released on September 7, 2022 – a year earlier than previously projected by Respondent in her briefing. The undersigned takes judicial notice of the above-referenced public records.

"A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Congregation Kol Ami v. Abington Township, 309 F.3d 120,

131 (3d Cir. 2002). In other words, "[w]hen it is no longer possible for this court to grant the relief requested, a case is moot and this court lacks jurisdiction to hear it." Medicine v. McCulloch, 544 F. App'x 699, 699 (9th Cir. 2013).

Petitioner challenges the Bureau of Prison's failure to apply 240 days of credit to his sentence under the First Step Act, and seeks a declaration of how this will affect the date on which he will become eligible for release to home confinement as an elderly offender. ECF No. 4 at 5. But it appears from the public record that Petitioner already has been released, and has received the full extent of the relief that he sought. Buck v. Pugh, CIV.A. 12-1669, 2013 WL 3972654, at *2 (W.D. Pa. July 30, 2013) ("because Petitioner has been released from the custody of the Bureau of Prisons ('BOP') and because we do not presume collateral consequences, and because Petitioner has not carried his burden to avoid a finding of mootness by him showing a continuing injury, which is attributable to the loss of GCT credits, the Petition should be dismissed as moot.").

Because Petitioner has been released, this Court has no power to grant him any additional relief. Accordingly, the Petition will be denied as moot.

A certificate of appealability is not required for federal prisoners seeking relief under Section 2241. Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). See also 28 U.S.C. § 2253(c)(1). Therefore, it is not necessary to determine whether one should be issued here.

An appropriate Order follows.

Dated: February 22, 2024

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

3

cc: KEVIN J. LEONDI
70724-050
ELKTON
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 10
LISBON, OH 44432

all counsel of record (*via* CM/ECF)